UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20cr1215-CAB |
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| DAVID ROMERO (1), | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in bribe proceeds of Defendant DAVID ROMERO (1) ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as charged in the Information; and

WHEREAS, on or about June 12, 2020, Defendant pled guilty before U.S. Magistrate Judge Bernard G. Skomal to the one-count Information, which plea included consent to the forfeiture allegations of the Information, and an agreement to forfeit to the United States the amount of $17,500 as the amount of unrecovered bribe proceeds Defendant personally received from the offense, which forfeiture shall be included and incorporated as part of the judgment in this case; and

WHEREAS, on July 17, 2020 this Court accepted the guilty plea of Defendant; and

|   |   |
|---|---|
| 1 | WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $17,500.00 represents the amount subject to forfeiture to the United States as bribe proceeds Defendant received from the illegal conduct in violation of 18 U.S.C. §§ 371 and 666(a)(1)(B), as charged in the Information; and |

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $17,500.00 represents the amount subject to forfeiture to the United States as bribe proceeds Defendant received from the illegal conduct in violation of 18 U.S.C. §§ 371 and 666(a)(1)(B), as charged in the Information; and

WHEREAS, in addition to the forfeiture money judgment described above, the Federal Bureau of Investigation recovered $17,500.00 on January 30, 2020 from the Defendant, which was half of the bribe money supplied by the FBI, is property belonging to the FBI, and therefore already belongs to the United States, and will not be any credit against the forfeiture money judgment; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the unrecovered amount of bribe proceeds received by the Defendant in the amount of $17,500, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the $17,500 forfeiture money judgment and the offense; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

WHEREAS, Defendant's co-defendant, Bruno Suarez-Soto (2), had an Order entered concurrently with this Order for the entry of a forfeiture money judgment in the amount of $17,500 in bribe proceeds he received, and for which both Defendants shall be jointly and severally liable; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant DAVID ROMERO (1) shall forfeit to the United States the sum of $17,500, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the form of a personal money judgment for the unrecovered bribe proceeds Defendant received from his offense of conviction, which forfeiture is in favor of the United States against Defendant DAVID ROMERO (1), with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

2. Defendant's forfeiture money judgment shall be credited with any collection of or payments made by co-defendant Bruno Suarez-Soto (2) on his $17,500 forfeiture money judgment; and

3. This Court shall retain jurisdiction in the case for the purpose of enforcing the forfeiture money judgment and collecting and enforcing the forfeiture; and

4. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

5. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

6. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $17,500 to satisfy the forfeiture in whole or in part; and

7. The United States may take any and all actions available to it to collect and enforce the forfeiture.

DATED: 8/17/20

Hon. Cathy Ann Bencivengo
United States District Judge